UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID L. KIRBY, III,

                      Plaintiff,

-against-                                              5:25-CV-202 (LEK/MJK)

JUDGE LIMPBERT,

                      Defendant.

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

On February 12, 2025, pro se Plaintiff David L. Kirby, III brought this action against Defendant Onondaga County Judge Limpert.[1] Dkt. No. 1 ("Complaint"). On February 13, 2025, the Court administratively closed this case because Plaintiff failed to pay the appropriate filing fee. Dkt. No. 2. Plaintiff then filed a motion to proceed in forma pauperis ("IFP"), Dkt. No. 3, and the Court reopened the action, Dkt. No. 5. On March 4, 2025, the Honorable Mitchell J. Katz, United States Magistrate Judge, issued an order and report and recommendation granting Plaintiff's motion to proceed IFP and recommending that the Complaint be dismissed with prejudice and without leave to amend. Dkt. No. 6 ("Report and Recommendation").

No party filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

---

[1] The Court notes that Plaintiff incorrectly spelled Defendant's name in the Complaint. It is spelled "Limpert." The Court will use the correct spelling.

## II.    BACKGROUND

The Court assumes familiarity with the background detailed in the Report and Recommendation. *See* R. & R at 3–4.

In the Report and Recommendation, Judge Katz explained that Judge Limpert is immune from suit. *Id.* at 4–5. First, Judge Katz noted that Plaintiff cannot bring claims against Judge Limpert in his official capacity because "judges within the New York State Unified Court System are entitled to Eleventh Amendment immunity to the extent they are sued in their official capacity." *Id.* at 4. Then, Judge Katz wrote that, to the extent Plaintiff brings any claims against Judge Limpert in his personal capacity, these too must be dismissed because Plaintiff sued Judge Limpert for actions that he performed in his capacity as judge, and "judges have absolute immunity for their judicial acts performed in their judicial capacities." *Id.* He explained that there are two circumstances where judicial immunity does not apply—when a judge takes action "outside" his "judicial capacity" and when a judge takes action "in the absence of jurisdiction"— but Plaintiff fails to plausibly allege that either exception applies here. *Id.* at 5. Accordingly, Judge Katz recommended that the Complaint be dismissed with prejudice and without leave to amend. *Id.*

## III.    LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to

which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.    DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 6, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Complaint, Dkt. No. 1, is **DISMISSED with prejudice and without leave to amend**; and it is further

**ORDERED**, that the Clerk is respectfully directed to enter judgment and close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      August 14, 2025
                Albany, New York

LAWRENCE E. KAHN
United States District Judge